Judge Loken, Judge Magnuson, good morning. Judge Erickson, good morning, and congratulations on your elevation to the Eighth Circuit. Thank you. This case is about my client and his- Please note the court appreciates your services under the Criminal Justice Act. My pleasure, Your Honor. This case is about my client's two convictions, possession of a firearm by a prohibited person, and possession of an unregistered gun. Now, I've argued four issues in my brief. Issue three and four I plan to rest on the briefs, but of course, if this court wants to address those issues, that's fine. I'd like to focus on issue one and two, and here's what they are. Issue, I want to start with issue two. I think that's the most logical place to start. For both of the counts of conviction, one element of each count was not supported by any evidence in the grand jury. Count one was conviction- I don't agree, no evidence. Okay, well- They were told it was a felony, right? The grand jury- I know they weren't told about one more than one year. Correct. But you say felony, that's evidence of satisfying the standard. What more does the grand jury need to hear? They need to hear the one year period. Why? Because in this day and age, felony- You haven't got a case that even hints at that, have you? I, not in my brief, but in this day and age, felony does not necessarily mean conviction. In the last year, I wrote an opinion which went back into federal law for almost 100 years to note that the equation between felony and more than 100 years in not only common understanding, but legislative understanding is obvious. I don't think it's obvious. Well, it's under a circuit law as to Congress. Well, here's the thing, Mr. Morrison. While it is true that some states have chosen to enact gross misdemeanor laws that expand beyond a year. And so there are some states that have all their felonies carry penalties, I think, of two years or more, right? But I don't know of any state that has shrunk the definition of a felony to greater than one year in prison. Are you aware of any state that has enacted a provision that reduces the definition of a felony below a year? No, I'm not, your honor. When we're talking about what a felony is, and in fact, the grand jury heard evidence that this was an aggravated felony. So in many ways, that actually supports your position, Judge Logan. But when judges are talking about what an aggravated felony is, and they can make a pretty good guess that the period of imprisonment is going to be over a year. That's not certain, but they can make a pretty good guess. What we're talking about is a lay grand jury. They did not hear evidence of one essential element, which was a felony with imprisonment of over one year. That's right there in the statute. Well, we're talking about prejudice, and the prejudice is, I can't even, I can't even imagine what it is. He had fair notice of the offense. Well, I don't think so, your honor. You can- Fair notice of the offense? I don't think so, your honor. You can look to the Russell case back in the 1960s, which dealt with the testimony before the House on American Activities Committee. And that case dealt with whether that indictment mentioned the subject matter that Congress was exploring. It didn't include the subject matter which Congress was exploring. Everybody knew it was an anti-communist witch hunt. Everybody knew that Congress was looking at communist infiltration of the press. But because that element was not included in the indictment, the Supreme Court vacated it. Now, did the defendants in Russell know what they were being called to Congress to be interrogated about? Absolutely, absolutely they did. But that doesn't matter. The fact that it's not in the indictment, and to make matters worse in this case, the fact that the grand jury didn't hear any evidence of it, that's the prejudice. That's the lack of fair notice. But Judge Loken, I don't even think this is a prejudice case. I think this is a jurisdiction case. When you've got one count where the grand jury didn't hear any evidence, but admittedly was in the indictment. And you've got another count, and this is the possession of an unregistered gun and the essential element is whether that gun was capable of operating as designed. That element, there was no evidence in the grand jury to support it, and it wasn't in the indictment. I mean, fair notice or not, in lay terms, what you have here is a procedure that simply failed. And if you have a district court- I don't have any case, I read Dukes, and Dukes is completely off point. You don't have a case saying that the definition of a firearm in the corollary statute to the criminal charge being filed has to go before the grand jury and be included in the indictment. If the indictment gives fair notice of the elements of the crime charged. Well, Dukes, I cited Dukes simply for the proposition that the capable of operating as designed. The government concedes it's an element. Well, that was a homemade silencer. The government didn't concede that. The discussion in Dukes gives you absolutely no help whatsoever. Well, I disagree that the government didn't concede that capable of operating- It wasn't an issue, it was a sufficiency case. Well, fair enough. I don't want to overplay the importance of Dukes in this case. The only reason I cited Dukes- I don't know what else you've got. Well, I've got- I mean, you've got a plausible legal argument, but it doesn't line up with the fact that this wasn't raised timely. It didn't prejudice the defendant in terms of notice of what he had to defend. It doesn't fit the cases where relief has been afforded. I don't think timeliness and I don't think prejudice is necessary in this case, because I think this is a jurisdiction question. It's not jurisdiction. Well, I think it is, Your Honor. What case says it is? Bain for one. Now, Bain has to- Was that 1890? It was 1890. It was reaffirmed. Viewed a little differently then, or at least the banter about jurisdiction was a lot different before the Supreme Court began educating all of us about the misuse of the term. Well, certainly, it's an older case, and certainly, Bain has been called into question by Cotton, but I want to address Cotton and the simple reality here. First of all, Cotton, which claimed it overruled Bain and which claimed that, well, this notion of jurisdiction is really an outdated mode, fine, point taken, but Cotton had to do with stating the amount of drugs. That's not an essential element under the drug statute. It's a required fact under Apprendi, so the government had to state that, but Cotton also had to do with failure to state that in the indictment. Cotton didn't have to do with the question whether the grand jury heard any evidence of an essential element. My argument is this. When the grand jury doesn't hear any evidence of an essential element, and as far as count two goes, when that element that the grand jury didn't hear is also not in the indictment, you have no crime. Let me ask it differently. What Supreme Court case suggests that what you call a jurisdictional defect is a structural error requiring no showing of prejudice? This is the structural error. The grand jury didn't hear evidence of an element. For case support. I know it's easy to say it, but the Supreme Court has also said almost nothing is structural error. Structural error is... Structural error, that is, error that requires no showing of prejudice. I think... I don't want to get into the weeds of jurisprudence here, but I think the Supreme Court is getting more comfortable expanding the notion of structural error, but your point is taken, Your Honour, that I don't have a case clearly on point. This issue one and issue... No, you just said the Supreme Court's gotten friendlier. Friendlier where? How? When? What case? I'm not prepared to... Well, they haven't gotten friendlier on structural error. Well, fair enough, but in this case, I think the structural... That a coerced confession is not structural error. That's true. A coerced confession is more of a factual issue. Certainly, it's a Fifth Amendment problem. But what you have here is lack of evidence in the grand jury, and for one of the counts, no element listed in the indictment. You have no crime. If anything is structural, it's trying somebody in district court sitting in criminal session where there is literally no crime. There is none. None whatsoever. If that's not a jurisdictional question, if that's not a prejudicial question, I don't know what is. And the government's approach to this case seems to be... If the barrel was 19 inches, you have no crime, right? If the barrel is 19 inches, it doesn't fit that element under the unregistered gun charge. That's true. You have no crime. So, apparently, there was no jurisdiction, and the jury shouldn't have ever had to worry about whether 18 or 19 inches mattered. The court had no business letting the government in the front door. That's correct, Your Honour. If the grand jury heard no evidence... The fact that you prove a defence to a crime successfully doesn't mean there was no crime, no jurisdiction to try the case. Well, perhaps, in the factual world, that's true, but we're dealing with courts and we're dealing with procedure. The government's approach to this case seems to be, well, we proved it all up at trial, so don't worry about what happened prior. But the Fifth Amendment requires a grand jury to pass on indictments. Again, I'm back... You're talking about the definitional statute. You're talking about... You're taking a definitional statute and saying that because it defines an element of the crime, the definition itself is an element of the crime, and therefore you superimpose that on the grand jury process. I don't think you've got any authority supporting that. I'm not exactly sure what Your Honour is getting at. I don't understand why the grand jury has to be instructed on the... that what is, in fact, a sawed-off shotgun, and therefore has to be registered to be possessed. I don't see why the grand jury has to get into the capable of operating definition. Because Duke says it's an essential element, and the grand jury has to hear at least some evidence. Duke's does not say that. Well, I have to disagree with Your Honour on that point. Well, it does... OK. But I'm... It didn't address the question. It didn't... It was... It was stated in passing. What the elements of the offence were going to be looked at from the standpoint of sufficiency of the evidence after the trial, which does not, in my view, equate with the elements of the offence that have to be included to the grand jury. If Your Honour is correct on Duke's, then I lose that argument. But doesn't... I mean, if you say firearm, by definition, a firearm must be either capable of firing or readily made capable of firing? Because that's the statutory definition. It's only part of the statutory definition. The statutory definition deals with firearms that can fire, that can be restored to firing, are capable of firing, are designed to fire. They deal with firearms in general. What the government's argument is refers specifically to the definition of that statute. What the government's argument is, essentially, is, well, if it's a firearm, then it's capable of operating as designed. They conflate these two issues, and that's something I fundamentally disagree with. If the government's right, then let's just get rid of the element of capable of operating design, as designed. If Judge Loken is correct, and that's not an essential element, then the government has won. Well, your argument requires the government to prove its case to the grand jury. Correct. Will it increase the cost dramatically of prosecuting this offence? Absolutely not, Your Honour. The government, at trial, was able to prove, pretty easily... It may, you know... The case may plead out, the defendant may choose to stipulate to that particular aspect of the case. You're accelerating, dramatically, the cost of proving these cases by making the government prove it, not only to the petite jury, but to the grand jury. I'm not saying the government has to prove, beyond a reasonable doubt... How are they going to do it? How are they going to do the capable of operating? They do it... Without putting in an expert who's done what the experts testified to in the trials... The government does it the way they did it in this case, with all of the other elements of the unregistered gun crime, which is, they presented a witness, the witness said, yes, it's this many inches, yes, it's a shotgun, yes, it's sawed-off, these are the elements that are required under the Federal Registration Act. That witness could have said, oh, and by the way, it was capable of firing and designed. That's it. Wouldn't have said it truthfully if they hadn't done it. Well, at some point, they did, clearly. And all the government would have had... All the witness would have had to do, by the way, is say, look, I examined the gun, I haven't tested it, but I think it's capable of firing as designed. And if that's what the grand jury got, that would have been sufficient. But the grand jury got absolutely nothing. I see my time is up. Thank you, and I would ask that this court reverse both convictions, vacate so that the government can seek a valid grand jury indictment. Thank you. Very cleverly argued and articulately argued. Thank you, Your Honor. Mr. Patterson. Thank you, Your Honor. May it please the Court, Your Honors, Counsel. My name is Benjamin Patterson. I'm an assistant United States attorney from the District of South Dakota representing the United States in this case. Following a jury verdict, the defendant was found guilty of both counts in the superseding indictment, possession of a firearm by a prohibited person and possession of an unregistered firearm. I will discuss the issues in the same order in which they were argued by appellant's counsel. So the government has conceded the element of the offense aspect? Capable of operating as designed, Your Honor. Did the government concede it in Dukes? And if so, then why isn't it conceded here? I think in Dukes, Your Honor, again it was a sufficiency of the evidence case and so they were arguing that the . . . But did you go and look at the briefs of the government's . . . I did not . . . Did you check whether the government had conceded it? I did not go back and read the briefs in Dukes, Your Honor, the government's brief. But in that case . . . If the government conceded it in that case, don't you have to concede it here? I don't think so, Your Honor. I think the evidence proved that the firearm was capable of operating as designed, but I think Dukes is fundamentally different. It was dealing with a different firearm required to be registered under the National Firearms Act, a silencer in that case, not a sawed-off shotgun. And when you look at a silencer, if you're just . . . So the government should have put this evidence on the silencer before the grand jury in Dukes? I don't think so either, although it's a lot easier . . . You've got to be careful what you're arguing here. Sure. In this case, Your Honor . . . First off, the United States doesn't . . . This is a grand jury case. It's a grand jury case, correct. So . . . All we have to prove is probable cause. Do you think that everything that has to be proved as an element of a crime to . . . as a, quote, element of a crime to the petite jury has to therefore be established before the grand jury? I believe the United States has to hit the elements of the crime, probable cause, on the elements of a crime at the grand jury, which is . . . Then is a definitional statute, does that establish an element of the crime? Yes, it does, Your Honor. Well, I guess we should reverse that. Your Honor, the term . . . If you're talking about firearm, when they hear a definition of a firearm, which they heard in this case, I read them the definition of firearm before asking any questions of the witness. They knew what a firearm was. They knew what the firearm at issue in this case was. Additionally, they heard additional evidence. They saw a photograph of the firearm. They knew it was a sawed-off shotgun. They could see that from the picture. They heard evidence that 12-gauge shotgun shells were found in the same exact location as the sawed-off shotgun. And they heard testimony that an ATF agent had performed an actual physical examination of the firearm and determined that it was a weapon made from a shotgun. That is sufficient evidence to proceed to get probable cause that the firearm is a firearm under the statute. That's the information that was presented to the grand jury. Even if it wasn't capable of operating? That's just the definition of a firearm, Your Honor. Now, you read the definition of the firearm to the grand jury, so they were instructed that the definition of a firearm, including that it had to be operable. I believe the definition, Your Honor, that was read to the grand jury was... You read the statute, didn't you? I did. I read the statute, 5861, what the definition of shotgun was, and provided that information to the grand jury before I were calling a witness and before ever presenting any evidence. And so the evidence was presented. They knew what they were dealing with. A photograph was entered as an exhibit at the grand jury, showing them a photograph of the sawed-off shotgun. They knew exactly what was being dealt with as it relates to count two. There was no confusion at the grand jury level as to what was being dealt with. Now, wait a minute. Did you read the statute that includes the definition? Yes, Your Honor. I thought it was not 5861. I thought that was in the... 5861, well, it's 58... A firearm is not defined in 5861. It's the definition of shotgun, Your Honor. It's 5845D, I apologize, which is a weapon designed to use the energy of an explosive in a fixed shotgun shell to fire with the pull of the trigger. That was what was provided to the grand jury. And that was read to the grand jury. It was. Additionally, Your Honor, if you look at the Supreme Court case law governing grand jury deliberations, really on whether there's probable cause, the Supreme Court of the United States in Cayley v. United States clearly cut off the court's ability to go back and determine whether or not there was probable cause. In that case, the court held that an indictment fair upon its face and returned by a properly constituted grand jury conclusively determines the existence of probable cause to believe the defendant perpetrated the offense and conclusively has meant case in and case out just that. The court went on to say, we have found no authority for looking into and revising the judgment of the grand jury upon the evidence for the purpose of determining whether or not the finding was founded upon sufficient proof. And the grand jury gets to say without any review, oversight or second guessing whether probable cause exists to think that a person committed a crime. And the same goes for the jurisdictional argument made by appellant's counsel in United States v. Cotton where the court held that defects in an indictment do not deprive a court of its power to adjudicate a case. And this court recognized that holding in United States v. Say where it said, speaking of the Supreme Court, that it had some time ago departed from the view that indictment defects are jurisdictional. The modern concept of jurisdiction is a court's statutory or constitutional power to adjudicate a case. Let me come back. Is capable of operating in the statute? It is not contained in the statute. That's a judicial gloss. It's a judicial one, Your Honor. And I believe it really... So how can that possibly... How does that work with a grand jury? What's another example of judicial gloss on a statute that then has to be... I'm not aware of one, Your Honor. I'm not either. It doesn't... I don't think you argued that, but isn't that a fundamental problem with the theory? I agree. And I think it goes back to Dukes, Your Honor, where they were looking to determine the sufficiency of the evidence. And in that case, a silencer actually silenced the firearm. And that's where the capable of operating as designed element came from, was that Dukes case. And here, we don't have the same issue where we're dealing with a suppressor or a silencer and determine whether or not it just ended up being a can with nothing in it to silence the firearm. Here, we're dealing with a shotgun, which both by the agent's testimony at grand jury had been viewed and physically examined by an ATF agent and determined to be a weapon made from a shotgun, found with 12-gauge shotgun shells, and certainly satisfied the definition of the statute for the definition of firearm. So based on that, Your Honor, as well as based on the information contained in Cayley v. United States, the United States believes this court should affirm the conviction on Count 2. Additionally, as you look at Count 1, Your Honor, the felon in possession of a firearm count, the United States asked the following questions at grand jury as it relates to that count or that element of the indictment. The question was, does Casey Fogg have any prior felony convictions that prohibit him from possessing firearms? The answer was, yes, he has a conviction in 1999 for aggravated assault. It's a felony conviction. That was the answer from the agent. And if you look at, you know, appellant's counsel argues that felonies are punishable by all kinds of things, but under the statute, 18 United States Code Section 3156.A.3, which defines felony, it is an offense punishable by a maximum term of imprisonment of more than one year. So it's clear that felony, which is the definition, is defined by statute and taken care of in this case. And this court, in and of itself, in an indictment that failed to allege that the felony was punishable by more than one year, found that that defining felony was simply immaterial. And the United States believes the same in this case. The grand jury heard that he had a felony conviction that prohibited him from possessing firearms of aggravated assault conviction. And so based on that, the United States believes there was also sufficient evidence contained on count one at the grand jury to permit the case to go forward to a petit jury. And finally, Your Honor, I would just note, in United States v. Cotton, there the argument, again, was that the defendant's Fifth Amendment right had been violated by not permitting the grand jury to hear evidence of the enhancement, on the drug enhancement. The court, the United States Supreme Court in that case, held that although there is a right, a Fifth Amendment right, to permit the jury to hear the evidence at the grand jury, there's also a Sixth Amendment right to a petit jury. And when a defendant waives by failing to bring the right forward at the grand jury level, which clearly happened in this case, it was never brought up pre-trial, that that right is waived. In this case, and this court in the United States v. Exum, has held that a petit jury's guilty verdict renders any error at the grand jury harmless. And that was the case here, where the petit jury... And I think it's key in this case that the appellant is not arguing that there was insufficient evidence produced at trial to support or sustain each conviction, both Count I and Count II, only at the grand jury level, which, again, the United States disagrees with. But even if that were to be the case, the defendant waived that argument, and his rights were upheld under the Sixth Amendment at the petit jury, which contained a much higher burden on the United States, to which there is no complaint. If there's no additional questions, Your Honor, I'll yield the rest of my time. I did have a question on what's not been argued. Why didn't the government argue that the drug paraphernalia found with the shotgun was relevant intrinsic evidence? I think that's what we argued, that it was relevant to show his possession of the firearm. You said it was admissible 404B evidence. Well, I think under either theory it's admissible. We could have argued it was intrinsic. Did that... I don't know if you tried the case, but... I did. Did that come up in the district court? No. There was a motion in limine to exclude the drug evidence. 403 still applies, but it's not... I don't understand why this was 404B evidence. Yeah. Well, I think it's clear under the Eighth Circuit law, especially under the United States versus... I think it's Herbst, I believe. I'm not saying your 404B argument was wrong. I just don't... We've had many, many cases in the last few years where the government has said, look, this isn't 404B. I think, Your Honour, the way... It's called... But this, I mean, this is all seized at the same moment, right? Right. It's sitting there with the gun on the passenger side of the car. I agree with you. I do... I just was curious about that. Your Honour, thank you very much. We would ask the court to affirm the two convictions. Thank you. Thank you. Rebuttal? Your Honour, I do believe my time is up. I've expended my rebuttal time. If there's something you think needs reply, that's fine. I think we do understand your theory, so... But I'll give you a minute if you'd like to... I think I'll rest on my briefs, Your Honours. Thank you. If there are any questions, of course, I do have that minute. One question I would have is... I have a little difference of opinion on this jurisdiction issue. The fact that you did not raise the whole grand jury thing until post-trial, as opposed to raising it pre-trial, which I think raises a different standard in it. Doesn't that make an awfully high hill for you to climb? I sure wish that trial counsel had raised these issues prior to trial. But I think given the changes to the federal rules of criminal procedure, where jurisdictional questions can now be raised at any time, and given my opinion that I think this is a jurisdictional question, despite what I think is Cotton's narrow ruling, which is distinguishable, I sure wish it would have been raised earlier. And I always tell my students at the UND School of Law that you should raise things as early as possible. But I don't think that destroys my case. I think because it's jurisdictional, I don't have to show prejudice. I can raise it any time. And indeed, in Cotton itself, the Supreme Court said, these questions, plain error, can be raised at any time. And the Cotton court itself said, if you have an element that's not mentioned in the indictment, that is plain error. Plain and simple. Thank you, Your Honor. Thank you. Thank you, counsel. The case has been well briefed and argued, and we'll take it under advisement.